MADDOX, Justice.
The sole issue in this case is whether the parties agreed to stipulate the facts and allow the judge to enter a judgment based on those “stipulations,” even though those “stipulations” were not what the law generally defines as stipulations, but were, in actuality, statements of what each party considered the facts to be.
The displeased party argues that the judgment was not proper, because, he says, the agreement was for the parties to “stipulate” the facts and, he says, in actuality each party merely filed a statement of what the party claimed the facts were, but did not “stipulate” facts. Based on our reading of the record, and particularly the transcript of a colloquy between the trial judge and counsel for both parties, we conclude that although the parties did not stipulate facts, they did stipulate — or agree — that the court would enter a judgment after considering each party’s statement setting out what he or she perceived to be the facts. We hold that the law permits such a judgment and that the parties are bound by the judgment in this case.
The controversy grew out of an argument between the parties over the terms of a contractual arrangement the parties had whereby Lynell Wilks, the defendant, agreed to allow Juanez Alexander, the plaintiff, to place her 11 horses in Wilks’s barn.
It appears that when the parties could not settle their differences, Ms. Alexander, on December 13,1988, filed a complaint alleging that Mr. Wilks had wrongfully detained her horses and personal property at his farm, and that he had refused to let her feed and water her horses. A judgment was entered in that original action on December 22, 1988.
On May 16, 1990, Wilks filed a motion for immediate relief, for a temporary restraining order, and for a contempt citation against *751 Ms. Alexander, alleging that Ms. Alexander had ■willfully and intentionally violated the terms of the judgment entered on December 22, 1988. Alexander filed an answer and a counterclaim on August 27, 1990.
The following hearing was held on August 27, 1991:
“THE COURT: The parties are here now, Mrs. Alexander represented by Mr. Fuller and Mr. Wilks represented by Mr. Knight, Jason Knight.
“They tell me now, they have talked to you at length and they would like to have you agree along with them to submit this case to the court on stipulations that each attorney would prepare for you. Full stipulations, they’re familiar with the case, historically, what has gone on and from their stipulations once they file them I’ll take them and study them and do a judgment and dispose of this action pending here now.
“Do you understand this now, Mrs. Alexander?
“MRS. ALEXANDER: Yes, sir.
“THE COURT: And do you, Mr. Wilks?
“MR. WILKS: Yes, sir.
“THE COURT: You have talked to your lawyers?
“MR. WILKS: Yes, sir.
“THE COURT: Are you agreeable to have this done, Mrs. Alexander?
“MRS. ALEXANDER: Yes, sir.
“THE COURT: With and for her as counsel, Mr. Fuller, you agree?
“MR. FULLER: Yes, sir.
“THE COURT: Mr. Wilks, you agree also?
“MR. WILKS: Yes, sir.
“THE COURT: And with and for him, Mr. Knight, you agree?
“MR. KNIGHT: Yes, sir.
“THE COURT: Only other question is now, we are busy, how soon will you prepare and submit to the court your stipulations for each party?
“MR. FULLER: [Wjithin forty-five days once he serves me with his response. Within forty-five days.
“THE COURT: Is that agreeable, Mr. Knight?
“MR. KNIGHT: That is fine.
“THE COURT: Mr. Knight within forty-five days; then Mr. Fuller responds within forty-five days. You only get one shot with me, you file yours, serve, him and he files with you and with me. You don’t get to respond and vice versa, you have to cover everything in one stipulation, all right?
“MR. FULLER: There was discovery in the ease.
“THE COURT: I didn’t know that, it would be very helpful. You are familiar with the witnesses, both sides?
“MR. FULLER: Well familiar with all of it.”
(Reporter’s transcript pp. 7-9.)
After the hearing, the judge entered the following order on the case action summary sheet:
“ORDERED, by the agreement dictated to the record with the parties present, Ms. Alexander represented by Attorney Fuller and Mr. Wilks represented by Attorney Jason Knight, it was agreed and stipulated to the record that the attorneys will submit in writing stipulation of facts of the case from their respective parties, Mr. Knight to submit the stipulations within 45 days from this date and, thereafter, Mr. Fuller will file a stipulation with the Court within 45 days. The Court will make a decision and do a judgment from the stipulations. This was agreed by the parties and the attorneys fully in the record.”
(R. 119.)
Subsequently, the parties filed with the trial court “memorandum briefs.” Wilks’s brief, filed on April 10, 1992, contained the following:
“On August 27,1991, the parties agreed to the record that they would submit in writing a stipulation of the facts of the case and the Court would make a ruling and render a judgment from these stipulations. Counsel for both parties have agreed to extend the time for such brief until this date. Upon completion of this stipulation of facts, Hon. S. Wayne Fuller will have an
*752 opportunity to respond to these facts -within 45 days of the filing of same.”
(R. 56.)
Wilks’s memorandum brief also contained this statement in the conclusion:
“We, therefore, ask this Court based on the Stipulation of Facts in this brief to find on behalf of the Defendant, Lynell Wilks and against the Plaintiff, Ms. Juanez Alexander, for being in contempt of the original agreement dated December 22, 1988.”
(R: 62.)
Wilks concedes that the parties did agree to submit their respective pending claims to the trial court on stipulations, but he says no stipulations were ever filed in the case and he says that the judgment was therefore entered in violation of his rights to due process and equal protection. Wilks contends that the trial court “admonished the parties and their attorneys that ‘you have to cover everything in one stipulation, all right?’’ This reference to “one stipulation” is lifted from a much broader statement made by the trial court during the hearing, as quoted above, which reads as follows:
“THE COURT: Mr. Knight within forty-five days; then Mr. Fuller responds within forty-five days. You only get one shot with me, you file yours, serve him and he files with you and with me. You don’t get to respond and vice versa, you have to cover everything in one stipulation, all right?”
The question presented to us, of course, is whether the trial court could properly conclude that Wilks and his counsel consented to the trial court’s entry of the judgment appealed from. Wilks says that he did not consent, and Alexander says that he did. We think that a fair reading of what occurred shows that Wilks did, in fact, agree that the trial judge could enter a judgment after he had reviewed the “stipulation” of facts submitted by each party.
Even though the parties in this case presented conflicting statements of facts in their memorandum briefs, we hold that each agreed to permit the trial court, in essence, to decide the case based on the statements of facts the two sides submitted. Although the statements contained in the separate briefs filed with the trial court were not “stipulations” as the law generally defines that term,[1] and although the trial court used the term “stipulation” to refer to the statement of facts that each party would submit, we believe that a fair reading of what occurred at the hearing is that each party agreed to submit a statement of his or her version of the facts to the trial judge in writing and to allow the trial judge to enter an order based on those statements.
We affirm the judgment. Although the statements of facts contained in the memorandum briefs were not true “stipulations,” as the law defines that term, we conclude that the parties agreed that each could submit to the trial court his or her version of the facts, and that they would allow the trial court to enter a judgment based on those separate submissions, even though there were conflicts between the parties as to the facts.
AFFIRMED.
SHORES, STEAGALL, INGRAM and COOK, JJ., concur.

. The law is generally that only when an adverse party stipulates to the truth of a certain allegation is the party having the burden of proving that allegation relieved from proving it. 73 Am. Jur.2d Stipulations § 18 (1973).